IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.

WILLIAM EMMETT LECROY, JR.

Criminal Indictment
No. 2:02-CR-038
No. 2:03-CR-052

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Criminal Rule 58.1. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the attached Report and Recommendation within ten (10) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir.

1983), cert. denied, 464 U.S. 1050 (1984).

The Clerk is **directed** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this 23 day of December, 2003.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal Indictment |
| | : No. 2:02-CR-038 |
| WILLIAM EMMETT LECROY, JR. | : No. 2:03-CR-052 |
| | : |

### **NON-FINAL REPORT AND RECOMMENDATION**

This case is before the court on Defendant's Motion to Suppress Because of Unconstitutional Destruction of Exculpatory Evidence [Doc. 13 in 2:03-CR-052; Doc. 197 in 2:02-CR-038]. In Case No. 2:02-CR-038, Defendant is charged with taking a motor vehicle from the person and presence of Joann Lee Tiesler by force and violence resulting in her death in violation of 18 U.S.C. § 2119(3). In Case No. 2:03-CR-052, Defendant is charged with attempting to escape from the custody of the Lumpkin County Detention Center, in violation of 18 U.S.C. § 751(a). Defendant filed the instant motion seeking to suppress evidence regarding a note allegedly written by Defendant on part of a cell in which he was housed at the detention center. The government filed a Response to Defendant's Motion [Doc. 24 in 2:03-CR-052; Doc. 251 in 2:02-CR-038], and Defendant filed a Reply [Doc. 32 in 2:03-CR-052; Doc. 271 in 2:02-CR-038].

### **Background Facts**

According to the government, on June 30, 2003, Sergeant Christopher Holman of the Lumpkin County Sheriff's Office discovered a hole in the wall of an

isolation cell in which Defendant was being held at the Lumpkin County Detention Center ("Detention Center"). (Response, p. 2). Upon discovering the hole, Sgt. Holman directed officers to move Defendant to another cell. (Id.). Officers later found a note written on the window divider inside the isolation cell. (Id.) Sgt. Holman took a digital photograph of part of the note (id.), which, according to Defendant, only remains in an "'e-mailed' version . . . in the 'jpg' format," and "is of very poor quality." (Motion, p.2). The government attached to its Response a photocopy of the photograph of the note. The part of the note depicted in the photograph states:

> so well . . . Have a great day explaining to the Marshals
> about me . . . Thanks for the food, smoke, and weed.
> Lecroy
>
> P.S. Had a great time here, but sorry I won't miss you . . .

(Id.). The note was then removed from the window divider when the cell was repaired. (Response, p. 3). According to Sgt. Holman, the top portion of the note, that is not shown in the photograph, had words to the effect of "Captain Brewer, [t]he blinds you put up work," in apparent reference to blinds that had been placed over the windows of C-pod, where female inmates were held, to prevent female inmates from making hand signals and other gestures to male inmates. (Response, p. 3 n. 2; p. 5).

2

## Discussion

### A. Necessity of Hearing

Defendant asserted in his Motion that he should be allowed to make an *in camera* and *ex parte* presentation regarding the exculpatory nature of the missing words. (Id. at 4). If he makes such a showing, then, Defendant contends, the government should be required to prove that officials did not act in bad faith in destroying the evidence. (Id.). In his Reply brief, however, Defendant apparently has abandoned his assertion that he should be allowed to make an *in camera* and *ex parte* presentation as to the exculpatory nature of the missing words. Instead, Defendant contends that "Sgt. Coleman's[1] representation as to the missing portion of the note demonstrates the apparent exculpatory nature that the missing words give by creating the context of the words that do appear in the photograph." (Reply, p. 3). While Defendant does not state whether he agrees with Sgt. Holman's representation, he does not assert in his Reply that it is untrue, or that he still wishes to make a presentation as to the exculpatory nature of the missing words. Accordingly, the undersigned will decide this issue without conducting the *ex parte* and *in camera* hearing Defendant requested in his original motion.

### B. Destruction of Allegedly Exculpatory Evidence

In his Motion, Defendant stated that he "believes that the missing words

---

[1] The undersigned believes that the Sgt. "Coleman" to which Defendant refers is the Sgt. "Holman" to which the government refers. The undersigned has no documentation to verify which is correct, and will refer to the Sergeant as "Sgt. Holman."

3

from those written on the wall of the lockdown cell are extremely exculpatory," and "will demonstrate that Defendant did not have any intention of escaping." (Motion, p. 3). Defendant contends that because law enforcement officials destroyed the evidence corroborating Defendant's version of what was written, any evidence regarding the words on the wall should be suppressed. (Id.)

In California v. Trombetta, 467 U.S. 479, 488-89 (1984), the Supreme Court held that the government's duty under the due process clause to preserve evidence is "limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality . . . evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Furthermore, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Thus, a defendant must show that the government: "(1) acted in bad faith when it destroyed evidence, which (2) possessed an apparent exculpatory value and, which (3) is to some extent irreplaceable." United States v. Femia, 9 F.3d 990, 993-94 (1st Cir. 1993), cert. denied, 516 U.S. 936 (1995); see also United States v. Brown, 9 F.3d 907, 910 (11th Cir. 1993), cert. denied, 513 U.S. 852 (1994).

4

1. **Apparent Exculpatory Value**

Defendant's entire argument that the missing words have exculpatory value is as follows:

> Sgt. [Holman's] representation as to the missing portion of the note demonstrates the apparent exculpatory nature that the missing words give by creating the context of the words that do appear in the photograph. (Gov't's Br. at page 2-3). Sgt. [Holman's] description regarding the meaning of the omitted portion of the note makes it clear that he knew the contents of the note was a reference to the intra-jail activities that a substantial portion of the inmate population [and] jail staff [were] engaged in."

(Reply, p. 3).[2] The undersigned finds that Defendant has not shown how the missing words, which apparently refer to blinds being put up to prevent female inmates from communicating with male inmates, are themselves exculpatory or render the note exculpatory, or how the missing words show that Holman knew that the note referred to alleged "intra-jail activities that a substantial portion of the inmate population <u>and jail staff</u> were engaged in." (<u>Id.</u>) (emphasis added). Furthermore, even if this interpretation is accepted for the sake of argument, it does not show how the missing words, or the note with the missing words, would be exculpatory because it "demonstrate[s] that Defendant did not have any intention of escaping." (Motion, p. 3).

---

[2] Defendant's Reply actually states, "that a substantial portion of the inmate population were jail staff engaged in." However, Defendant's counsel has informed the undersigned, through the undersigned's law clerk, that the wording above is the accurate wording, and counsel will file an amended Reply to that effect.

5

## 2. **Irreplaceability of Evidence**

The government argues that Defendant has other means available for presenting comparable evidence of the missing words, such as Sgt. Holman's testimony, Defendant's testimony, or a stipulation of the parties as to what the words said. (Response, pp. 4-5). Defendant argues that Sgt. Holman does not recall the specific wording of the note, and that Defendant should not be required to testify to explain the government's evidence. (Reply, p. 3).

The undersigned finds that Defendant has alternate methods of presenting comparable evidence, such as presenting the testimony of Sgt. Holman. Courts have held that there is no due process violation when witnesses are available to testify about missing evidence. See, e.g., United States v. Rivera-Relle, 333 F.3d 914, 922 (9th Cir.) (government did not violate defendant's due process rights by destroying dispatch tape where agents available to testify about conversations on the tape), cert. denied, __ U.S. __, 124 S.Ct. 459, 157 L.Ed.2d 331 (2003); United States v. Parker, 72 F.3d 1444, 1452 (10th Cir. 1995) (defendants and trooper were available to testify at suppression hearing about events depicted on missing video tape).

Because Defendant has not shown that the missing words had apparent exculpatory value, and has not shown that the missing words are irreplaceable[3], it is **RECOMMENDED** that Defendant's Motion to Suppress Because of

---

[3] Defendant has made no showing regarding whether law enforcement officials acted in bad faith in removing the note from the cell or in failing to photograph the entire note.

6

Unconstitutional Destruction of Exculpatory Evidence [Doc. 13 in 2:03-CR-052; Doc. 197 in 2:02-CR-038] be **DENIED**.[4]

**IT IS SO REPORTED AND RECOMMENDED**, this 23 day of December, 2003.

_Susan S. Cole_
SUSAN S. COLE
United States Magistrate Judge

---

[4] Defendant asserts for the first time in his Reply that the digital photograph of the note is inadmissible pursuant to F.R.E. 1004. (Reply, p. 4). That issue is not part of Defendant's motion to suppress. Therefore, the undersigned makes no finding as to that assertion. If the district court adopts this Report and Recommendation, Defendant may move the trial court to exclude this evidence based on the Federal Rules of Evidence, or other grounds as appropriate.